IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE UNITED STATES OF AMERICA

    Plaintiff,

    v.                                            CASE NO. 3:04-CV-93-J-12MCR

JEAN L. BENSON, AS TRUSTEE of the
Jeromarli Trust Dated 03-20-84, JULIE A.
BAKER, and DAVID NOURACHI, as
Trustee of the MAIN STREET TRUST,
a Florida Land Trust Under F.S. 689.071
DATED 11-7-2001,

    Defendants.
_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR PLAINTIFF

This cause is before the Court on the parties' cross-motions for summary judgment (Docs. 9 and 10). The Court heard oral argument on the motions on February 1, 2005. On February 18, 2005, the parties submitted proposed orders. On that same date, the Defendants also filed a supplement (Doc. 17) to their motion. On March 4, 2005, the Plaintiff filed a response (Doc. 20) to the supplement.

Having considered all the submissions of the parties, including affidavits and depositions (Docs. 11, 12, and 13), as well as the arguments of counsel, the Court determines that there is no genuine issue of material fact in this case and that the Plaintiff is entitled to summary judgment as a matter of law for the reasons set forth below.

## FINDINGS OF FACT

1.   By Warranty Deed dated April 3, 1991, the United States of America (hereinafter "the United States") obtained title to approximately 401 acres of land in Duval County, Florida. The Warranty Deed was recorded on April 4, 1991, in Official Records Volume 7084, Page 0002, Public Records of Duval County, Florida and re-recorded on April 11, 1991, in Official Records Volume 7088, Page 0278, Public Records of Duval County, Florida. Doc.3, Exh.A.

2.   The property conveyed to the United States has been made a part of the Timucuan Ecological and Historic Preserve, which was created by an Act of Congress in 1988. Doc.12, Tab 2, ¶ 3 and Doc.12, Tab 13. The Preserve is maintained and operated as a National Park by the National Park Service of the United States Department of Interior. Doc.12, Tab 2, ¶ 3. The property is open to the public and others for education and passive recreation and for the preservation of natural resources and archeological sites. Id.

3.   Pursuant to §196.199(1)(a), Florida Statutes (1991), property owned by the United States is exempt from Florida ad valorem taxation unless a law of the United States subjects the property to taxation by a state municipality or political subdivision. Pursuant to §196.295(1), Florida Statutes (1991), when property is conveyed from a taxable entity to the United States, the prorated amount of property taxes due from January 1 of the tax year to the date of the transfer is to be placed in an escrow account with the County Tax Collector. Accordingly, at the closing of the sale of the property to the United States in April 1991, $5.24 was set aside to pay the Florida ad valorem property taxes which would be due on the property for the 1991 tax year prorated for the period from January 1, 1991, to April 3, 1991, the date of transfer of the property to the United States. Doc.12, Tab 2, ¶ 4 and Exh.B. Id. The purchase price of the property was $63,000. Id. The

$5.24 allocated for the prorated amount of 1991 taxes was not to put into an escrow account with or otherwise paid to the Tax Collector.

4.   On May 31, 1992, the Tax Collector of Duval County, Florida, having determined that the 1991 taxes on the property had not been paid, issued a tax certificate for the collection of the amount of the 1991 ad valorem property taxes for the entire year. Doc.12, Tab 3.

5.   On April 19, 2000, the Clerk of the Circuit Court of Duval County, Florida issued a tax deed to the subject property purchased by the United States to Jean L. Benson, as Trustee of the Jeromarli Trust dated 3-20-84, and Julie A. Baker, the holders of the tax certificate. Doc.3, Exh.B. The tax deed conveyed title to the United States' property to them. The tax deed was recorded on April 19, 2000, at Official Records Book 9602, page 139, Public Records of Duval County, Florida. Id.  Since the tax certificate issued for nonpayment of the 1991 taxes had not been redeemed, the tax deed was issued pursuant to §197.502, Florida Statutes (2000).

6.   Subsequently, employees of the Duval County Clerk of the Circuit and County Courts ("Duval County Clerk's Office") determined that the tax certificate and tax deed had been issued in error. Deposition of Midred Wootson at 19-20 and 26-27; Deposition of Alvin Crooms at 36. On July 17, 2000 and November 27, 2000, Mildred Wootson, an employee in the Tax Deed Department of the Duval County Clerk's Office, sent letters to Jean L Benson, as Trustee of the Jeromarli Trust dated 03-20-84, and Julie A. Baker, in which she explained that the tax deed was issued in error due to the fact that the property was owned by the United States. Doc.3, Exhs. D and E.  The letters requested that Ms. Benson and Ms. Baker surrender the tax deed to the Tax Deed Department and receive a refund of the money that they had paid for the tax deed.

7.  Jean L. Benson, as Trustee, and Julie A. Baker did not surrender the tax deed and seek a refund of monies paid, but instead conveyed title to the property to a separate entity, Defendant Main Street trust, a Florida Land Trust, by Quit Claim Deed dated November 9, 2001. Doc.3, Exh. F. The Quit Claim Deed was recorded on February 20, 2002 at Official Records Book 10362, Page 1930, Public Records of Duval County, Florida. Id.

8.  The United States filed this action to set the tax deed aside and to quiet title to the land it purchased in 1991. Doc.3. Defendants filed a Counterclaim to quiet title in themselves through the tax deed. Doc.4.

## CONCLUSIONS OF LAW

1.  Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (2004); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). If there is no genuine issue of material fact, summary judgment is warranted since it avoids needless and costly litigation and promotes judicial efficiency. Plumbers Local 519 Health and Welfare Trust Fund v. Garcia, 677 F.Supp. 1554, 1556 (S.D. Fla. 1988). In this case, summary judgment is warranted since there is no genuine issue of material fact.

2.  The Court rules as a matter of law that the tax deed conveying title to Defendants, JEAN L. BENSON, AS TRUSTEE of the Jeromarli Trust dated 03-20-84, and JULIE A. BAKER, should be set aside as void and title to the land should be quieted in the United States of America,

based both upon both Florida law and the supremacy clause of the Constitution of the United States, art. VI, cl.2.

3. For the reasons set forth below, the Court finds that the property in this case is not subject to ad valorem taxation and is not subject to being taken away from the United States and transferred to another party by the county through the tax certificate and tax deed procedure for the collection of ad valorem property taxes. The statutes and case law cited by the Defendants are inapplicable or distinguishable and do not convince the Court otherwise.

4. Section 196.199(1)(a), Florida Statutes, provides that "[a]ll property of the United States shall be exempt from ad valorem taxation, except such property as is subject to tax by this state or any political subdivision thereof or any municipality under any law of the United States. In the present case, the United States has not consented to any state or local taxation of the property. The Act of Congress establishing the Timucuan Ecological and Historic Preserve, Public Law 100-249, February 16, 1998 does not subject the property to state and local taxation.

5. §196.295, Florida Statutes (1991) provides the procedure to be followed when property is conveyed from a taxable entity to the federal government. The amount of taxes which would accrue from January 1 of the year until the date of transfer is to be set aside and used to pay ad valorem taxes for the portion of the tax year prior to the date of the transfer. The statute is clear that the remainder of any taxes which would otherwise have been due for that year shall stand cancelled. Fla. Stat. §196.295(1) (1991).

6. Rule 12D-13.016, Fla. Admin. Code, provides that if the amount of ad valorem taxes paid when property is transferred to an exempt governmental entity is insufficient to pay the prorated

5

amount of taxes from January 1 to the date of transfer, the taxes remaining unpaid shall also stand cancelled.

7. It is undisputed in this case that the prorated amount of property taxes from January 1, 1991 to April 3, 1991 – $5.24 – was not paid to the Duval County Tax Collector. While neither party has cited either a statute or case law governing the situation in this case where the none of the prorated amount was paid, the Court is of the opinion that Florida law supports the conclusion that all unpaid taxes prorated from January 1, 1991 to April 3, 1991, were also cancelled. Florida law is clear that absent a law of the United States subjecting it to taxation, property owned by the United States is not subject to ad valorem taxation. It is clear to the Court that at least one of the purposes of cancelling the amount of unpaid prorated taxes when the amount paid is insufficient is to prevent property owned by an exempt governmental entity, such as the United States, from being sold for non-payment of taxes. The Court concludes that it is reasonable and just to extend such law to the instant situation where none of the prorated amount was paid. The Court simply cannot find that Florida law would support or require allowing property owned by the United States to be sold for non-payment of ad valorem taxes when the property is not subject to such taxes. While the record does not indicate why the prorated amount of $5.24 was not paid to the tax collector in this case, it appears to the Court that under Florida law a more appropriate remedy would be to permit the tax collector to seek that amount from the United States rather than to issue a tax certificate potentially allowing the property to be sold for non-payment of taxes.

8. Duval County Clerk's Office employees did not acknowledge the cancellation of the 1991 taxes owed from the date the United States owned the property, or cancellation of the prorated amount before the date of transfer, and therefore the Court finds that they improperly issued a tax

certificate in May 1992 for the entire amount of 1991 taxes. As a result, the Court also finds that the tax deed to the property of the United States was also improperly issued in 2000 and is void.

9.   In the alternative, the Court finds that even if Florida law would permit the issuance of a valid tax deed in this case, the supremacy clause of the United States Constitution invalidates all state laws that conflict or interfere with an act of Congress, and would require voiding the tax deed. U.S. Const. art. VI, cl. 2.; See Rose v. Arkansas State Police, 479 U.S. 1, 3 (1986). Furthermore, the supremacy clause preempts any state legislation when that legislation interferes with a federal purpose or operates to impede or condition the implementation of federal policies and programs. Rust v. Johnson, 597 F.2d 174, 179 (9th Cir.), cert. denied, 444 U.S. 964 (1979). The supremacy clause seeks to avoid disparity, confusion, and conflict which would occur if the Federal Government's general authority was compromised by local controls. Id. Under federal law, property of the United States is not subject to state taxation. Clallam County Wash. v. United States, 263 U.S. 341, 344-45 (1923); See U.S. v. Hawkins County, Tenn, 859 F.2d 20, 23 (6th Cir. 1988), cert. denied, Tennessee v. U.S., 490 U.S. 1005 (1989) (a state may not levy a tax directly upon the United States or its closely connected agent or instrumentality).

10.   When Duval County issued a tax deed to the defendants pursuant to §197.502, Florida Statutes (2000), for unpaid taxes on federally owned land, it impeded and disturbed a federal purpose and thus was in violation of the supremacy clause. In United States v. City of Adair, 539 F.2d 1185, 1189 (8th Cir. 1976), cert. denied, 429 U.S. 1121 (1977), the court in finding property immune from taxation stated:

> The immunity enjoyed by the United States "grows out of the supremacy of the Federal Government and the necessity that it be able to deal with its own property

7

free from any interference or embarrassment that state taxation might impose." (Citations omitted.)

Furthermore, the court in Adair made clear that any authority to tax federal government property would have to be "clear, express and affirmative." Id. As stated above, in this case, the United States has not consented to any state or local taxation of the property.

11. The Court also finds that the laws of the United States support its conclusion that if property owned by the United States is not subject to taxation, it cannot be transferred to another party for failure to pay taxes. Such result would be inapposite. The cases cited by the Plaintiff support this conclusion and those cited by the Defendants are either factually distinguishable or inapplicable. As a result, the tax deed issued is also void by application of the supremacy clause.

12. Defendants have claimed a recoverable interest for the amounts denominated at §197.602, Florida Statutes, in the event judgment is entered for Plaintiff. The Court will reserve jurisdiction to further consider such claim, as well as the applicability of Rule 12D-13.066, Fla. Admin. Code, in light of the Court's finding that the tax deed is void.

Accordingly, it is

ORDERED AND ADJUDGED:

1. That the Motion for Summary Judgment of Plaintiff on Count I of the Amended Complaint to set the tax deed aside and on Count II of the Amended Complaint to quiet title in the United States of America is hereby **GRANTED** and the Court finds that the tax deed is void.

2. That the motion of Defendants on their Counterclaim to quiet title in the Defendants is **DENIED**. The tax deed dated April 19, 2000, and recorded on April 19, 2000, in Official Records Book 9602, page 139, Public Records of Duval County, Florida is hereby found void and set aside.

3.  That Title conveyed to United States of America by that Warranty Deed dated April 13, 1991 and recorded in Official Records Volume 7084, page 002, Public Records of Duval County, Florida and re-recorded in Official Records Volume 7088, page 278, Public Records of Duval County, Florida is hereby quieted in the United States of America as against all claims of Defendants JEAN L. BENSON, AS TRUSTEE of the Jeromarli Trust Dated 03-20-84, JULIE A. BAKER, and DAVID NOURACHI, as Trustee of the MAIN STREET TRUST, a Florida Land Trust Under F.S. 689.071 dated 11-7-2001 and all other persons and entities claiming such interest; and

4.  That the Court reserves jurisdiction to hear further from the parties regarding recoverable costs and whether Defendants can establish a cognizable claim against the United States as to the amounts denominated at Fla. Stat.§ 197.602. The parties shall have until May 23, 2005, for further filings and until June 6, 2005, to file any responses thereto.

DONE AND ORDERED this 5th day of May, 2005.

*Howell W. Melton*
HOWELL W. MELTON
SENIOR U.S. DISTRICT JUDGE

Copies to:
Counsel of Record